```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
JAMES JONES,

                    Petitioner,           06 Civ. 225 (JGK)

      - against -                         MEMORANDUM OPINION
                                          AND ORDER
JAMES WALSH, SUPERINTENDENT, SULLIVAN
CORRECTIONAL FACILITY

                    Respondent.
------------------------------------
```

**JOHN G. KOELTL, District Judge:**

By order and judgment dated November 30, 2007 and entered on this Court's civil docket on December 27, 2007, the petitioner's petition for habeas corpus was denied and this action was dismissed. On February 28, 2008 the Court's Pro Se Office received a motion for an extension of time to file a notice of appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure from the petitioner. For the following reasons, the petitioner's motion is **granted**.

Rule 4(a)(5) provides that in a civil case, a motion for an extension of time to file a notice of appeal must be filed no later than 30 days after the expiration of the 30 day period in which to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A), 4(a)(5)(A)(i). The Court "lacks [the subject matter] jurisdiction to grant any extension motion that is not filed within Rule 4(a)(5)'s 30-day 'grace period.'" Cohen v. Empire

Blue Cross & Blue Shield, 142 F.3d 116, 118 (2d Cir. 1998) (per curiam).

The November 30, 2007 order and judgment were entered on the Court's civil docket on December 27, 2007. Under Rule 4(a)(1)(A) the petitioner had, at the latest, until January 28, 2008 to file a timely notice of appeal, because the last day of the period to file a notice of appeal, January 26, 2008, fell on a Saturday. See Fed. R. App. P. 26(a)(3) (when determining the last day of a period described in the Federal Rules of Appellate Procedure, a Saturday, Sunday, or legal holiday is not included). Therefore, under Rule 4(a)(5)(A)(i), the petitioner had until February 27, 2008 to file a motion for an extension of time to file a notice of appeal. Thus, it appears that the petitioner's motion is timely, because it was dated February 24, 2008 and the petitioner has included a notarized affidavit of service stating that the petitioner placed the motion in the institutional mailbox on February 25, 2008. See Houston v. Lack, 487 U.S. 266 (holding that a pro se prisoner's notice of appeal was deemed filed when delivered to prison officials for transmittal to the federal district court); Cohen v. Empire Blue Cross and Blue Shield, 142 F.3d 116, 118 (2d Cir. 1998) (per curiam); see also Fed. R. App. P. 4(c)(1).

Even if timely under Rule 4(a)(5)(A)(i), Rule 4(a)(5)(A)(ii) requires that a movant show excusable neglect or

good cause why such a motion should be granted.  In his motion for an extension of time to appeal, the petitioner has attached correspondence with his psychiatric social worker.  The correspondence indicates that the petitioner was unable to meet with his law assistant at the Law Library despite his "extensive[e]" efforts to schedule meetings in December 2007 and January 2008.  The letter indicates that the petitioner was concerned about meeting deadlines but was hindered from doing so as a result of his inability to access the Law Library.  This constitutes good cause or excusable neglect to grant the motion pursuant to Rule 4(a)(5)(ii).

**CONCLUSION**

Accordingly, the petitioner's motion for an extension of time to file a notice of appeal is **granted**.  The petitioner's time to file a notice of appeal is extended ten days from the date of this order.  See Cohen, 142 F.3d at 118.  The petitioner has attached a document entitled "Notice of Appeal."  The Court therefore directs the Clerk to file that Notice of Appeal which is timely.  The Court notes, however, that because this Court has denied a certificate of appealability, the document entitled "Notice of Appeal" will be treated as an application to the Court of Appeals to grant a certificate of appealability.  See

3

Fed. R. App. P. 22(b)(2); Smith v. Duncan, 411 F.3d 340, 346 (2d Cir. 2005).

SO ORDERED.

Dated: New York, New York
March 3, 2008

_____
John G. Koeltl
United States District Judge